IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>JANNA PUMMILL AND ADAM PUMMILL,<br><br>Defendants and Counter-Plaintiffs. | CV 21-58-M-SEH<br><br>ORDER |

## INTRODUCTION

Pending before the Court is Plaintiff Mountain West Farm Bureau Mutual Insurance Company's (Mountain West) Motion for Summary Judgment[1] seeking a declaration that it no longer has a duty to defend and has no duty to indemnify Adam and Janna Pummill (the Pummills) in the underlying lawsuits.[2] A hearing on the motion was held on November 30, 2022.

The claims asserted in the underlying lawsuits do not fall within the Pummills' policy coverage. The motion is granted.

---

[1] Doc. 22.
[2] Doc. 23 at 37.

## BACKGROUND

Undisputed facts of record establish:[3]

**A. Relevant policy provisions.**

1. Mountain West issued a Country Home Policy to the Pummills—policy number CQM15856—for a policy period of December 10, 2017, to December 10, 2018 (the Policy).[4]

2. The Policy was in effect from November 2014 until August 2019 when it was converted to a City Squire Policy.[5]

3. The Policy afforded personal liability defense and coverage under Section II – "Farm Liability Coverage," Coverage F for "sums for which an 'insured' is legally liable because of 'bodily injury' or 'property damage' caused by an 'occurrence' to which this coverage applies" and for "personal and advertising injury."[6]

---

[3] Under L.R. 56.1(d), "Failure to file a Statement of Disputed Facts will be deemed an admission that no material facts are in dispute." Mountain West filed its Statement of Undisputed Facts on February 4, 2022, (Doc. 24) and a Supplemental Statement of Undisputed Facts on March 21, 2022 (Doc. 40). The Pummills failed to file a Statement of Disputed Facts as required by the rule, and therefore, under L.R. 56.1(d) are deemed to have admitted no material facts are in dispute.
[4] Doc. 24 at 1–2, ¶ 1.
[5] *Id.* at 2, ¶ 1.
[6] *Id.* at 2–3, ¶ 4.

2

4. Coverage, but not a defense, was provided under Section II, Coverage M of the Policy "for 'property damage' to property of others caused by an 'insured.'"[7]

5. Section V of the Policy provides Umbrella Coverage for "bodily injury," "property damage," or "personal and advertising injury" caused by an "occurrence."[8]

**B. Underlying Action against Adam Pummill.**

6. Joshua T. Patterson, Patterson Enterprises Inc. (PEI), and Rocky Mountain Equipment, Inc. (RME) filed suit against Adam Pummill (Adam) in *Patterson et al. v. Pummill* on May 8, 2020, in the Montana Fourth Judicial District Court, Missoula County, Cause No. DV-32-2020-606-FR[9] alleging Patterson and Adam had joint business dealings, in which Adam as the business manager of PEI and RME had full access to PEI and RME's bank accounts, financials, and QuickBooks accounting system, but never had authority to sign checks for either company (Underlying Action).[10]

---

[7] *Id.*
[8] *Id.* at 4, ¶ 7.
[9] *Id.* at 10, ¶ 13.
[10] *Id.* at 10, ¶ 16.

7. The Underlying Action Complaint asserted Adam embezzled money from both companies, which caused PEI to experience financial difficulty in June 2017, and to sell equipment at or below market value to avoid repossession.[11]

8. From April to November 2019, PEI and RME underwent an audit that disclosed Adam had embezzled hundreds of thousands of dollars from the companies "to fund his lavish lifestyle," including: (1) use of company funds to pay $5,000 for Janna Pummill's breast augmentation surgery in October 2013; (2) payment of personal truck payments from July 2015 to October 2017; and (3) reimbursement to Adam for numerous non-business-related expenses from the companies from 2012 to 2017.[12]

9. The Underlying Action Complaint asserted nine counts against Adam: (1) breach of duty of loyalty; (2) breach of duty of care; (3) conversion; (4) unjust enrichment; (5) tortious interference with business relations or prospective economic advantage; (6) negligent infliction of emotional distress; (7) negligence; (8) actual fraud and constructive fraud; and (9) actual malice.[13]

---

[11] *Id.* at 11, ¶ 17.
[12] *Id.* at 11, ¶ 18.
[13] *Id.* at 12–14, ¶¶ 20–29.

10. Adam demanded coverage under the Policy for defense in the Underlying Action. Mountain West assumed defense of Adam under a full Reservation of Rights.[14]

11. Adam admitted the Underlying Action does not allege "bodily injury" as defined under the Policy.[15]

### C. Underlying Counterclaims against Janna Pummill.

12. Janna Pummill (Janna) filed suit against Patterson in *Pummill v. Patterson et al.* on September 24, 2020, in the Montana Fourth Judicial District Court, Missoula County, Cause No. DV-32-2020-1210-DQ claiming Patterson authored and published a Facebook post about her that disclosed private healthcare information.[16]

13. Patterson filed counterclaims against Janna alleging conversion and unjust enrichment related to business litigation issues between Patterson and Adam in the Underlying Action, specifically that the Pummills used company funds to pay $5,000 for Janna's breast augmentation surgery in October 2013 (Underlying Counterclaims).[17]

---

[14] *Id.* at 14, ¶ 30.
[15] *Id.* at 14, ¶ 31.
[16] *Id.* at 14–15, ¶¶ 32–33.
[17] Doc. 24 at 15–16, ¶¶ 34–37.

14. The Underlying Counterclaims were consolidated into the Underlying Action.[18]

15. Janna demanded coverage under the Policy for defense in the Underlying Counterclaims. Mountain West assumed defense of Janna under a full Reservation of Rights.[19]

16. Janna admitted the Underlying Counterclaims do not allege "bodily injury" as defined under the Policy.[20]

## LEGAL STANDARDS

### A. Summary judgment standards.

Summary judgment may be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[21] To defeat the motion, the non-movant must set forth specific facts rising to the level of genuine issues and, in doing so, may not rely on mere allegations contained in the pleadings.[22]

---

[18] Doc. 9 at 2, ¶ 3.
[19] *Id.* at 16, ¶ 38.
[20] *Id.* at 16, ¶ 39.
[21] Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[22] Fed. R. Civ. P. 56(e); *Castaneda v. Dura-Vent Corp.*, 648 F.2d 612, 617 (9th Cir. 1981).

6

**B. Policy interpretation.**

Interpretation of an insurance contract is a question of law.[23] Court's must examine the insurance contract as a whole.[24] Insurance contracts should be interpreted according to their usual, common sense meaning as viewed from the perspective of a reasonable consumer of insurance products.[25] If the language of a policy is clear and explicit, the policy must be enforced as written.[26]

**C. Duty to defend.**

An insurer's duty to defend its insured arises if a complaint against the insured alleges facts which, if proven, would result in coverage under the policy at issue.[27] No duty to defend exists "if there is no coverage under the terms of the policy based on the facts contained in the complaint."[28] The insurer has no obligation to search for information outside of the complaint to determine whether coverage exists,[29] but it may not ignore information it actually obtains.[30] If an insurer can show, based on all information before it, that the policy does not cover an insured's claim, the insurer has no duty to defend.[31]

---

[23] *Modroo v. Nationwide Mut. Fire Ins. Co.*, 191 P.3d 389, 395 (Mont. 2008).
[24] *Id.*
[25] *Park Place Apts., LLC v. Farmers Union Mut. Ins. Co.*, 247 P.3d 236, 239 (Mont. 2010).
[26] *See Allstate Ins. Co. v. Wagner–Ellsworth*, 188 P.3d 1042, 1046 (Mont. 2008).
[27] *Tidyman's Mgmt. Servs. v. Davis*, 330 P.3d 1139, 1149 (Mont. 2014).
[28] *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 150 (Mont. 2011).
[29] *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 358–59 (Mont. 2013).
[30] *Id.*
[31] *Tidyman's*, 330 P.3d at 1149.

The duty to defend arises from the language of the policy. Without coverage under the policy terms, no duty exists.[32] However, "[u]nless there exists an unequivocal demonstration that the claim against the insured does not fall within the insurance policy's coverage, an insurer has a duty to defend."[33]

## DISCUSSION

### A. No coverage for the Underlying Action and the Underlying Counterclaims exists.

The parties dispute whether Mountain West's duty to defend was triggered by the filing of the Underlying Action and Underlying Counterclaims. The Pummills argue the Policy extends to the actions alleged in the Underlying Action and Underlying Counterclaims for two reasons: (1) there was "bodily injury" or "property damage" caused by an "occurrence," and (2) a "personal and advertising injury" occurred.

#### 1. No "bodily injury" is alleged in the Underlying Action and Underlying Counterclaims.

The Pummills' acknowledged in their answer to Mountain West's First Amended Complaint for Declaratory Relief, that "bodily injury" was not articulated in the Underlying Action.[34] They also admitted "the Patterson

---

[32] *RQR Dev., LLC v. Atlantic Cas. Ins. Co.*, No. CV 14-118-M-DWM, 2014 WL 6997935, *2 (D. Mont. 2014) (citing *Grimsrud v. Hagel*, 119 P.3d 47, 53 (Mont. 2005)).
[33] *Farmers Union Mut. Ins. Co. v. Staples*, 90 P.3d 381, 385 (Mont. 2004).
[34] *See* Doc. 21 at 14, 15, ¶¶ 32, 34.

8

Counterclaims do not allege 'bodily injury' as defined in Coverage F."[35] Given the Pummills' failure to file a Statement of Disputed Facts in response to Mountain West's Statement of Undisputed Facts, no genuine dispute of material fact exists, including that the underlying actions do not allege "bodily injury."[36]

### 2. *No "property damage" is alleged in the Underlying Action and Underlying Counterclaims.*

The Pummills do not assert "property damage" is applicable in the Underlying Action or Underlying Counterclaims that establish coverage in Response to Plaintiff's Summary Judgment Motion.[37] All allegations in the Underlying Action and Underlying Counterclaims are economic and do not constitute "property damage" under Montana law.[38]

Allegations against Adam in the Underlying Action involve his role as PEI's and RME's business manager providing him access to company finances and accounting systems to embezzle money and thereby cause the companies to lose money and credibility. Similarly, the allegations against Janna in the Underlying Counterclaims concern conversion and unjust enrichment, tied directly to business and economic litigation issues between the parties.

---

[35] *Id.* at 16, ¶ 37 (cleaned up).
[36] *See* L.R. 56.1(d); *see also* Doc. 24 at 14, 16, ¶¶ 31, 39.
[37] *See* Doc. 29.
[38] *See Mid-Century Ins. Co. v. Windfall, Inc.*, No. CV 15-146-M-DLC, 2016 WL 2992114, at *3 (D. Mont. May 23, 2016) ("[U]nder Montana law, there is no 'property damage' when only economic damage is alleged in the underlying complaint.") (citing *Graber v. State Farm Fire & Cas. Co.*, 797 P.2d 214, 216–17 (Mont. 1990)).

No "occurrence" exists when an insured acts intentionally and "the consequences of those acts are objectively intended or expected from the standpoint of the insured . . . ."[39] Here, the allegations in the Underlying Action against Adam and the Underlying Counterclaims against Janna asserted that they intended their actions and the ensuing consequences. "Property damage" caused by an "occurrence" is not alleged.

### 3. *No "personal and advertising injury" is alleged in the Underlying Action and Underlying Counterclaims.*

The Pummills likewise do not assert "personal and advertising injury" is applicable in the Underlying Action or Underlying Counterclaims.[40] "[P]ersonal and advertising injury" coverage has not been triggered. The Pummills only "deny Coverage F has not been triggered, pursuant to the 'Personal and Advertising Injury' endorsement . . . ."[41]

**ORDERED:**

1. Mountain West's Motion for Summary Judgment[42] is **GRANTED**.

---

[39] *Employers Mut. Cas. Co. v. Fisher Buildings, Inc.*, 371 P.3d 375, 379 (Mont. 2016); *see also* Doc. 24 at 8 (Under the Policy, an *occurrence* is "an unexpected and unintended accident, including continuous or repeated exposure to conditions, which results in 'bodily injury' or 'property damage' during the policy period.").
[40] *See* Doc. 29.
[41] Doc. 21 at 11, ¶ 32; *see also* Doc. 21 at 13, 15, ¶¶ 34, 38.
[42] Doc. 22.

10

2. Mountain West may seek recoupment of defense costs expended in the underlying lawsuits.[43]

DATED this 1st day of December, 2022.

/s/ Sam E. Haddon
SAM E. HADDON
United States District Judge

---

[43] *See* Fed. R. Civ. P. 54(d).